IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-CV-20963-DPG

DIONISIO CAMPOS PUPO and all others )
similarly situated under 29 U.S.C. 216(b), )
)
    Plaintiff )
)
v. )
)
PREFERRED BUILDING SERVICES, )
INC., )
)
    Defendant. )
)
)

**DEFENDANT'S ANSWER AND
STATEMENT OF DEFENSES TO COMPLAINT**

Defendant, PREFERRED BUILDING SERVICES, INC. ("Defendant"), hereby files its answer to each consecutively numbered paragraph of Plaintiff's Complaint as follows:

**COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS**

1.    Defendant admits that Plaintiff purports this to be an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216, however, Defendant denies that Plaintiff is entitled to any relief sought.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies the same.

3.    Defendant admits that it does business in Miami-Dade County.  The remaining allegations contained in Paragraph 3 of the Complaint are solely legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

5. Defendant admits that Plaintiff purports this to be a collective action arising under 29 USC 216(b), but denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff has brought this case pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. The text of 29 U.S.C. § 207(a) (1) speaks for itself. To the extent Plaintiff deviates from merely restating this statute, Defendant denies such allegations.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint are solely legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

10. The allegations contained in Paragraph 10 of the Complaint are solely legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 14 of Plaintiff's Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff, or any alleged similarly situated individuals, to any relief sought in this clause, or that Plaintiff, or any alleged similarly situated individual, is entitled to any such relief. Defendant specifically denies all allegations not specifically admitted herein and the statements included by Plaintiff as "headers" throughout the Complaint.

## JURY TRIAL DEMAND

Defendant admits that Plaintiff demands a trial by jury on all issues so triable; however, Defendant denies that any case or controversy exists so as to entitle Plaintiff to a trial by jury.

## STATEMENT OF DEFENSES

As separate and distinct defenses, Defendant alleges:

### First Defense

1. Plaintiff's Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

### Second Defense

2. Plaintiff was paid for all hours worked or permitted to suffer in accordance with the Fair Labor Standards Act ("FLSA").

### Third Defense

3. To the extent that the period of time alluded to in the Complaint, or the period alleged later in the action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 213(a), such claims are barred.

### Fourth Defense

4. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, or specific guidance provided by its District Offices.

### Fifth Defense

5. This Court lacks subject matter jurisdiction over the matter as pled.

### Sixth Defense

6. Plaintiff's claims are barred in whole or in part by any exemptions exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207.

### Seventh Defense

7. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, and pursuant to specific guidance provided by the Department of Labor, Wage and Hour Division investigators.

### Eighth Defense

8. Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint,

and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

### Ninth Defense

9. Defendant asserts that any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA. *See, e.g.*, C.F.R. § 785.19.

### Tenth Defense

10. To the extent the work performed by the Plaintiff was voluntary in nature and without Defendant's knowledge or authorization, was contrary to express instructions, it does not constitute compensable working time under the FLSA pursuant to 29 C.F.R. § 785.27, et seq.

### Eleventh Defense

11. The Complaint and claims set forth therein are subject to the doctrines of set-off, offset and/or recoupment on the part of Defendant, including offsets for compensation already paid to Plaintiff for periods not compensable under the FLSA. *See, e.g.* 29 C.F.R. § 785.19.

### Twelfth Defense

12. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

Defendant reserves the right to amend or add defenses or claims that may become known during the course of discovery.

**WHEREFORE**, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other and further

relief as the Court deems just and proper.

DATED this 9th day of April 2015            Respectfully submitted,

/s/ *Theresa M. Vreeland*
Patrick G. DeBlasio, III
Florida Bar No. 0871737
pdeblasio@littler.com
Theresa M. Vreeland
Florida Bar No. 0096161
tvreeland@littler.com

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue
Suite 2700
Miami, FL  33131
305.400.7500
305.675.8497 (Fax)

ATTORNEYS FOR DEFENDANT
PREFERRED BUILDING SERVICES, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of April 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s/ *Theresa M. Vreeland*
Theresa M. Vreeland

U.S. District Court
Southern District of Florida (Miami)
CIVIL DOCKET FOR CASE NO: 1:15-cv-20963-DPG

**COUNSEL FOR PLAINTIFF:**
J. H. Zidell, Esq.
Florida Bar No. 0010121
Email: zabogado@aol.com
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Facsimile:  (305) 865-7167
 [Via Notice of Electronic Filing]


**COUNSEL FOR DEFENDANT:**
Patrick G. DeBlasio, III
Florida Bar No. 0871737
E-mail:  pdeblasio@littler.com
Theresa M. Vreeland
Florida Bar No. 0096161
E-mail:  tvreeland@littler.com
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida  33131
Telephone:  (305) 400-7500
Facsimile: (305) 603-2552
[Via Notice of Electronic Filing]


Firmwide:132794700.1 051480.1006